UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OF A FEATHER, LLC,                      :
                                        :
                        Plaintiff,      :        19cv9351 (DLC)
                                        :
            -v-                         :        MEMORANDUM OPINION
                                        :            AND ORDER
ALLEGRO CREDIT SERVICES, LLC,           :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X

APPEARANCES

For the plaintiff:
Stamell & Schager, LLP
Andrew R. Goldberg
260 Madison Avenue, 16th Floor
New York, New York 10016

For the defendant:
Bailey & Glasser LLP
Michael Murphy
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007

DENISE COTE, District Judge:

     Of a Feather, LLC ("Of a Feather") filed this action in New

York state court, alleging that Allegro Credit Services, LLC

("Allegro") engaged in deceptive trade practices, tortious

interference, and breach of contract.  Allegro removed the

action to federal court, and Of a Feather has moved to remand

the action to state court.  For the following reasons, the

motion is denied.

## Procedural History

On June 7, 2019, Of a Feather served on Allegro a "summons with notice," a form of case-initiating document permitted by New York's civil practice rules. See N.Y. C.P.L.R. 305(b). The summons with notice did not include any information concerning the plaintiff LLC's state citizenship or that of its members. On September 9, 2019, the plaintiff filed a complaint in the state-court action, which likewise did not indicate Of a Feather's citizenship.

On October 9, the defendant filed its notice of removal. On October 24, the plaintiff filed its motion to remand the action to state court. On November 7, in accordance with the Court's Individual Rules of Practice in Civil Cases, the defendant filed a letter explaining the basis for its belief that diversity of citizenship exists between the parties. Defendant filed its brief in opposition to the plaintiff's motion on November 8, and plaintiff's motion became fully submitted on November 15.

## Discussion

The plaintiff raises two arguments in support of its motion to remand: (1) that the Court lacks subject-matter jurisdiction and (2) that the defendant's notice of removal was untimely. Neither argument is persuasive.

I.   Subject-Matter Jurisdiction

A federal court has removal jurisdiction over an action if (1) the court would have had diversity jurisdiction over the action if originally filed in federal court and (2) no defendant is a citizen of the state in which the action was filed.  28 U.S.C. § 1441(b).  "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members."  Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016).  "[A] partnership takes the citizenship of all of its partners."  Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019).  The citizenship of a traditional trust -- that is, a trust establishing only a fiduciary relationship, rather than an entity that can sue on its own behalf -- is equivalent to the citizenship of its trustee.  Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 729-31 (2d Cir. 2017).  A corporation takes the citizenship of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

The defendant asserts that the plaintiff LLC has one member, Jared Stamell, who is a citizen of either New York or

Massachusetts.  Plaintiff has not contested those assertions.[1]

Allegro has asserted that its sole member is Allegro, LLC.  The

members of Allegro, LLC are George Caruolo, a citizen of Rhode

Island; and GLD Partners LP.  The partners of GLD Partners LP

are Daniel Gordon, a citizen of California; the Gordon Children

Trust, for which Daniel Gordon is the trustee; and GLD

Management, Inc., a Delaware corporation with its principal

place of business in California.  Accordingly, Allegro is a

citizen of Rhode Island, California, and Delaware.  Because

Allegro is not a citizen of New York or of any state in which Of

a Feather is a citizen, this Court has jurisdiction.

II.  Timeliness of Removal

Under 28 U.S.C. § 1446(a), a defendant seeking to remove an

action to federal court must file a notice of removal

"containing a short and plain statement of the grounds for

removal."  Such notice of removal "shall be filed within 30 days

after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based."

---

[1] Indeed, Of a Feather has arguably abandoned its challenge to
subject-matter jurisdiction, since the plaintiff did not press
this argument its reply brief, which was filed after the
defendant's November 7 diversity letter.  But because the Court
has an independent obligation to ensure subject-matter
jurisdiction, plaintiff's argument has been considered in full.

28 U.S.C. § 1446(b)(1).  This thirty-day clock only begins to run "when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that . . . the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)."  Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205–06 (2d Cir. 2001) (citation omitted).  Intelligent ascertainment does not require the defendant to conduct an investigation; removability must be apparent from the face of the initial pleading.  See Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); see also Webb v. Harrison, No. 14cv5366 (RJS), 2015 WL 500179, at *4 (S.D.N.Y. Feb. 5, 2015) ("[T]he initial summons with notice . . . did not include Plaintiffs' addresses and, consequently, did not enable the defendant to intelligently ascertain removability from its face." (citation omitted)).

Plaintiff argues that the thirty-day clock began to run on June 7, 2019, because the summons with notice provided Allegro with the names of the parties.  But the name of an LLC does not indicate its citizenship.  Plaintiff suggests that the defendant should have been able to ascertain Of a Feather's citizenship

from documents it received during the transaction that underlies plaintiff's suit. But a defendant need not go beyond the face of the initial pleading in order to ascertain removability. Whitaker, 261 F.3d at 206 ("[T]he relevant test is not what the defendants purportedly knew, but what the document said." (citation omitted)). If a plaintiff wishes to take advantage of the thirty-day time limit in 28 U.S.C. § 1446(b)(1), it must plead sufficient facts for the defendant to ascertain removability from those pleadings. The plaintiff did not do so here, and thus the defendant's notice of removal was timely.

### Conclusion

Plaintiff's October 24, 2019 motion to remand is denied.


Dated:    New York, New York
          January 6, 2020


_____
            DENISE COTE
   United States District Judge